IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| AGEAN, INC. d/b/a PAPAS GRILLE | ) ) | |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and to provide appropriate relief to Myrna Renea Lloyd ("Lloyd") and other similarly situated female employees who were adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission"), alleges that Defendant, Agean, Inc. d/b/a Papas Grille ("Defendant"), subjected Lloyd and other similarly situated female employees to a sexually hostile work environment because of their sex, female. The Commission further alleges Lloyd was constructively discharged as a result of the harassment.

JURISDICTION AND VENUE

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section

1

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the state of North Carolina and the city of Durham, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lloyd filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  From around January 2009 until at least April 5, 2009, Defendant engaged in unlawful employment practices at its restaurant in Durham, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) as set forth below.

8.  From around January 2009 until around April 5, 2009, Defendant subjected Lloyd to sexual harassment that created a sexually hostile work environment based on her sex, female. Specifically, Defendant hired Lloyd as a waitress in or around December 2008. Around January 2009, two of Lloyd's co-workers, who worked as cooks for the Defendant, began subjecting her to unwelcome sexual conduct, including sexual comments and touching, on an almost daily basis.

9.  The harassment was severe or pervasive in that it occurred on an almost daily basis and involved both sexual comments and sexual touching. The harassment included, among other things, unwelcome sexual touching, such things as the following: one of the cooks (hereafter "Cook 1") purposely brushed his entire body against Lloyd as he walked past her; Cook 1 patted and slapped Lloyd on the buttocks; and, Cook 1 came up behind Lloyd, wrapped his arms around her and hugged her. On one occasion, Cook 1 followed Lloyd into the walk-in refrigerator and turned off the lights. Lloyd screamed and cursed at Cook 1 and told him to turn on the lights. Cook 1 laughed and left the walk-in refrigerator.

10. In addition to the foregoing conduct, another cook (hereafter "Cook 2") would dart his tongue in and out of his mouth in a sexual manner at Lloyd every day when he worked with Lloyd, and make comments to Lloyd at least once a week such as "ooh baby" and "won't you go out with me baby." On at least two occasions, Cook 2

3

took an oyster, shaped it to look like a woman's vagina and said to Lloyd, "what do you think this looks like."

11.     Although Lloyd was not aware of any sexual harassment policy that Defendant may have had, and was never told to whom she should report sexual harassment by Defendant, Lloyd repeatedly complained about the cooks' harassment to Defendant's head chef.  Lloyd told the head chef to tell the cooks to leave her alone, but the harassment continued.

12.     On one occasion, Lloyd complained about the harassment to Defendant's owner, telling her that the cooks were touching her and she wanted them to leave her alone.  Defendant's owner did nothing to stop the harassment in response to Lloyd's complaint.

13.     Defendant subjected other similarly situated female employees to the sexually hostile work environment that it knew existed and which was created by co-workers including the same co-workers who subjected Lloyd to unwelcome sexual conduct.  On information and belief, other female employees complained to the same head chef to whom Lloyd had complained, about the cooks' behavior.  Defendant's owner also heard a waitress complain to the head chef about the cooks.  In response, Defendant's owner held a meeting with its female waitresses and told them that the cooks were from a different country and did not know what they were doing.

14.     Lloyd did not complain anymore after the meeting because she thought doing so was futile.  Finally, Lloyd could no longer tolerate the harassment and she was forced to resign on or about April 5, 2009.

4

15. The effect of the practices complained of above has been to deprive Lloyd and other similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Lloyd and other similarly situated females.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment or engaging in any other employment practice that discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Lloyd whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make Lloyd and other similarly situated female employees whole by providing compensation for past and future pecuniary losses

5

resulting from the unlawful employment practices described above, including but not limited to, medical expenses, in amounts to be determined at trial.

E. Order Defendant to make Lloyd and other similarly situated female employees whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Lloyd and other similarly situated female employees punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 28th day of September, 2011.

> Respectfully submitted,
>
> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
>
> P. DAVID LOPEZ
> General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NW
Washington, D.C.  20507

 /s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar 19732)
Regional Attorney

 /s/ Kara Gibbon Haden
KARA GIBBON HADEN (NC Bar 26192)
Supervisory Trial Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202
Telephone: 704.954.6469
Facsimile:  704.954.6412
Email:     kara.haden@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**