IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
|---|---|---|
| Plaintiff, | ) | 11-CV-795 |
| v. | ) | |
| AGEAN, INC. d/b/a PAPAS GRILLE, | ) | |
| Defendant. | ) | |

**CONSENT DECREE**

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. ' 1981a. The Commission's complaint alleged that Defendant, Agean, Inc. d/b/a Papas Grille ("Defendant"), subjected Myrna Renea Lloyd and other similarly situated employees to a sexually hostile work environment because of their sex, female. The Commission further alleged that Lloyd was constructively discharged as a result of the harassment.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII. Further, Defendant shall not maintain a sexually hostile work environment, or subject any employees to a sexually hostile work environment in violation of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. The Parties agree to settle this case for Eight Thousand Dollars ($8,000.00) in monetary damages. Of the foregoing Eight Thousand Dollars ($8,000.00), Defendant shall pay Myrna R. Lloyd the sum of Six Thousand Dollars ($6,000.00) in settlement of the claims raised in this action. Defendant shall pay Julia Ruth the sum of Two Thousand Dollars ($2,000.00) in settlement of the claims raised in this action. Defendant shall make payment to Ms. Lloyd and Ms. Ruth by issuing checks or money orders payable to Myrna R. Lloyd and Julia Ruth as set forth on the attached Schedule I.

Defendant shall send each payment to Ms. Lloyd and Ms. Ruth at addresses provided by the Commission. Within ten (10) days after each payment has been sent, Defendant shall send to the Commission copies of the checks/money orders and proof of their delivery to Ms. Lloyd and Ms. Ruth.

4. Defendant certifies that it does not have traditional employment records for Myrna R. Lloyd or Julia Ruth. Defendant certifies that all documents in the custody or control of Defendant and/or its managers and supervisors that relate to the facts and circumstances which led to the filing of EEOC Charge Number 433-2009-01910 and the related events that occurred thereafter, including this litigation, are and shall continue to be maintained separate and apart from any employment records.

5. Defendant shall provide Myrna R. Lloyd and Julia Ruth each with a positive letter of reference using the forms attached hereto as Exhibit A and B, respectively. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Ms. Lloyd and Ms. Ruth, respectively, at addresses provided by the Commission. Ms. Lloyd and Ms. Ruth are free to disseminate their individual letters to potential employers. Defendant agrees that if it receives any inquiry about Ms. Lloyd or Ms. Ruth from a potential employer, it will provide only the information set forth in their respective letter of reference.

6. Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the

requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sexual harassment; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee's complaints of discrimination.  Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90 day time period.  Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission.  During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

      7.     During the term of this decree, Defendant shall post a copy of the policy described in paragraph 6, above, in all of its facilities in a place where it is visible to employees.  If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.  Within one hundred (100) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

      8.     During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees.  Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against sexual harassment and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

4

Case 1:11-cv-00795-CCE-JEP   Document 24   Filed 12/28/12   Page 4 of 13

The first training program shall be completed within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit C hereby made a part of this Decree, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A.    the identities of all individuals who, during the previous six (6) months, (i) have complained about sexual comments, sexual conduct, or any conduct that the complainant deems sexual in nature; (ii) have complained about conduct that could be construed as sexual harassment under Defendant's sexual harassment policy; (iii) have complained about sexual harassment,

5

including by way of identification each person's name, address, telephone number, position, and social security number;

B. a brief description of the individual's complaint;

C. a description of all actions taken by Defendant in response to the individual's complaint;

D. for each individual identified in 10.A above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to termination, firing, demotion, promotion or from full-time to part-time and vice versa); and

E. for each individual whose employment status has changed as identified in 10.D above, a detailed explanation of why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents. The Commission shall provide the Defendant with at least seventy-two (72) hours advance notice of any intent to interview employees and/or examine and copy documents. Notice shall be directed to Angeliki Papanikas, Owner, at [papasgrille@aol.com](papasgrille@aol.com) or, if this e-mail address becomes invalid, at such other e-mail address as the Respondent provides in writing to the Commission. As part of a review for

compliance with the posting provisions contained in paragraphs 7 and 9 above, the Commission may inspect Defendant's facility without notice.

12. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for two (2) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202 .

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

_December 28, 2012__  
Date                                               UNITED STATES DISTRICT JUDGE

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **AGEAN, INC., d/b/a PAPAS GRILLE, Defendant** |

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

| | |
|---|---|
| **/s/ Lynette A. Barnes** | **/s/ Brian H. Alligood** |
| LYNETTE A. BARNES | Brian H. Alligood (NC Bar 37361) |
| Regional Attorney | SHARPLESS & STAVOLA, P.A. |
| 129 West Trade Street, Suite 400 | Post Office Box 22106 |
| Charlotte, N.C. 28202 | Greensboro, NC 27420 |
| | Telephone: 336-333-6388 |
| | bha@sharpless-stavola.com |

**/s/ Kara Gibbon Haden**
KARA GIBBON HADEN (NC Bar 26192)
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:   (704) 954-6469 (direct dial)
Facsimile:   (704) 954-6412
kara.haden@eeoc.gov

| | |
|---|---|
| **ATTORNEY FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |

# SCHEDULE I

1. **On or before January 31, 2013:**
   a. To Myrna R. Lloyd - One Thousand Dollars ($1,000.00)

2. **On or before March 15, 2013:**
   a. To Myrna R. Lloyd - One Thousand Five Hundred Dollars ($1,500.00); and
   b. To Julia Ruth - Five Hundred Dollars ($500.00)

3. **On or before May 1, 2013:**
   a. To Myrna R. Lloyd - One Thousand Five Hundred Dollars ($1,500.00); and
   b. To Julia Ruth - Five Hundred Dollars ($500.00)

4. **On or before June 15, 2013:**
   a. To Myrna R. Lloyd - Two Thousand Dollars ($2,000.00)

5. **On or before August 1, 2013:**
   a. To Julia Ruth - One Thousand Dollars ($1,000.00).

# EXHIBIT A

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Myrna R. Lloyd. Ms. Lloyd was employed by Agean, Inc. d/b/a Papas Grille from December 15, 2008 to on or about April 14, 2009. During her tenure with us, Ms. Lloyd held the position of waitress. Her ending salary was $2.13 per hour plus tips. Ms. Lloyd was a punctual and reliable employee who demonstrated good waitressing skills.

We hope that this information about Ms. Lloyd is helpful to you in considering her for employment.

Sincerely,


Angeliki Papanikas
Owner, Agean, Inc. d/b/a Papas Grille

**EXHIBIT B**

[Defendant's letterhead]

[Date]


TO WHOM IT MAY CONCERN:


We are pleased to provide the following reference on behalf of our former employee, Julia Ruth.  Ms. Ruth was employed by Agean, Inc. d/b/a Papas Grille from June 8, 2009 to on or about August 2, 2009.  During her tenure with us, Ms. Ruth held the position of waitress. Her ending salary was $2.43 per hour plus tips.  Ms. Ruth was a punctual and reliable employee who demonstrated good waitressing skills.

We hope that this information about Ms. Ruth is helpful to you in considering her for employment.


Sincerely,



Angeliki Papanikas
Owner, Agean, Inc. d/b/a Papas Grille

**EXHIBIT C**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 1:11 CV 00795 |
| Plaintiff, | ) ) | |
| v. | ) ) | **EMPLOYEE NOTICE** |
| AGEAN, INC. d/b/a PAPAS GRILLE, | ) ) | |
| Defendant. | ) | |

     1.    This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Agean, Inc. d/b/a Papas Grille ("Agean Inc."), in a case of discrimination based on sex. Specifically, the EEOC alleged that Agean Inc. subjected Myrna Renea Lloyd and other similarly situated employees to a sexually hostile work environment because of their sex, female. The Commission further alleged that Lloyd was constructively discharged as a result of the harassment. As part of the settlement, Agean Inc. agreed to pay monetary damages to Lloyd and the other aggrieved individuals, and to take other action set out in the Consent Decree resolving this matter.

     2.    Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

     3.    Agean Inc. will comply with such federal laws in all respects. Furthermore, it will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

          Equal Employment Opportunity Commission
          131 M Street, N.E.
          Washington DC 20507
          TEL: 1-800-669-4000
          TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2015.